J-S03031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANTHONY J. SCIOLLA, JR. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| KEITH SKLAR AND CANDYCE I. SMITH-SKLAR, | : | |
| Appellants | : | No. 2081 EDA 2018 |

Appeal from the Order Dated January 19, 2018
in the Court of Common Pleas of Bucks County
Civil Division at No(s):  2012-10295, TJ-17-10-18-5740

BEFORE:  BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MARCH 28, 2019**

Keith Sklar and Candyce I. Smith-Sklar (the "Sklars") appeal from the denial of their Petition to intervene, stay and set aside a writ of execution.  We quash the appeal.

The parties to the instant appeal, all of whom are attorneys licensed to practice law in this Commonwealth, have been involved in extensive, ongoing litigation regarding the payment of counsel fees to Anthony J. Sciolla, Jr., Esq., in the amount of $5,364.04, since December 2012.  Following three, separate rounds of appeals[1] by the Sklars, including an appeal from an arbitration award, the trial court most recently entered an Order denying the Sklars's

---

[1] Each appeal had been filed in the Commonwealth Court, transferred to this Court, and dismissed for various deficiencies, only to be reinstated upon the Sklars's continued assertions that they never received necessary correspondence from the Court.  Such assertions are a recurring theme throughout the complex procedural history of this case.

Petition to intervene, stay and set aside the writ of execution authorizing garnishment of the disputed amount. The trial court reasoned that the Sklars could not avail themselves of Pa.R.C.P. 2327, as they could not be "intervenors" in a case in which they are a party. **See** N.T. 1/19/18, at 15.

Additionally, the Sklars claimed to never have received service of the judgment in violation of Pa.R.A.P. 440. Following a hearing, the court made a credibility determination that it was "not convinced" that Rule 440 was violated. **Id.** at 15; **see also** Trial Court Opinion, 5/30/18, at 3.

In further denying the Sklars's Petition, the court considered that a petition to strike or open the judgment was never filed and stated that it placed "great weight upon the fact that [there was no] pending garnishment [at issue.]" **Id.** at 16; **see also** N.T. 1/19/18, at 5.

On appeal, the Sklars raise the following issue for our review: "Did the trial court [] misapply the law when [it] ruled that the violation of Pa.R.C.P. [] 440 was moot?" Brief for Appellant at 8.

Before addressing the merits of the Sklars's appeal, we must first determine its timeliness.[2] **See Grimm v. Grimm**, 149 A.3d 77, 86 (Pa. Super.

---

[2] We do note, however, that the Sklars failed to cite to any legal authority in their brief to support their contention. Such a failure is fatal to an appeal. **See** Pa.R.A.P. 2119(a); **see also Milby v. Pote**, 189 A.3d 1065,1079 (Pa. Super. 2018) (stating that an appellate court "shall not develop an argument for an appellant … ; instead, [the court] will deem the issue to be waived"); **Lackner v. Glosser**, 892 A.2d 21, 29-30 (Pa. Super. 2006) (stating that under-developed arguments are waived and include those where the party has failed to cite any authority in support of a contention").

2016) (stating that the "question of timeliness of an appeal is jurisdictional") (internal citations omitted).

The Sklars appeal from an Order entered on January 19, 2018. A Notice of Appeal was docketed at 277 CD 2018, in the Commonwealth Court of Pennsylvania, on February 26, 2018. The case was properly transferred to this Court on July 25, 2018.[3]

Generally, in order to preserve the right to an appeal, a notice of appeal must be filed "within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a); **see also Grimm**, 149 A.3d at 86. Thus, the Sklars had until February 20, 2018 to file a timely notice of appeal of the January 18, 2019 Order denying their Petition. However, the record indicates that the Sklars did not file their Notice of Appeal until 6 days after that date.

Initially, the Pennsylvania Commonwealth Court remanded the case to the trial court for a determination of whether the Sklars are entitled to *nunc pro tunc* relief in light of their "Explanation for Late Filing" wherein they claimed to have "attempted to electronically file" the Notice of Appeal but failed. **See** Commonwealth Court Order, 6/12/18. The trial court refrained from making such a determination on the basis that it already approved the appeal, despite being untimely, by virtue of filing its Pa.R.A.P. 1925(a) Opinion

---

[3] **See** 42 Pa.C.S.A. § 5103 (providing for transfer of erroneously filed matters between appellate courts.)

on 5/30/18.  *See* Trial Court Supplemental Opinion, 6/22/18, at 2.  However, as stated in ***Grimm***, *supra*, the timeliness of an appeal is jurisdictional in nature and the filing of a Pa.R.A.P. 1925(a) opinion will not create appellate jurisdiction.  We are unable to find a contention in the record that the failure to file was the result of a breakdown in the operation of the courts.  Therefore, we conclude that the Sklars's appeal is untimely. Accordingly, the appeal is hereby quashed.

Appeal quashed.[4]
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/19

---

[4] Our review of the record reveals that this is the Sklars's third appeal in this case.  All appeals patently lacked merit and were clearly frivolous, evincing a pattern of abuse of the judicial process.  In light of this, we suggest that the trial court consider the assessment of reasonable counsel fees in favor of Anthony Sciolla, Jr., Esq.